Leanora NELSON; Selena Nelson Cecchini, Natural Daughter and Heir at Law of Rosalind Nelson deceased; Jean Nelson Lumsby, Plaintiffs-Appellants,

v.

LEVY CENTER LLC, Defendant-Appellee,

v.

Horace Jones; the Law Offices of Horace Jones; The Wilcy R. Nelson Family, LLC, Third Party Defendants.

No. 16-1484

United States Court of Appeals, Fourth Circuit.

Submitted: October 31, 2016

Decided: December 7, 2016

Leanora Nelson, Selena Nelson Cecchini, Jean Nelson Lumsby, Appellants Pro Se. Demetri K. Koutrakos, Louis H. Lang, Callison, Tighe & Robinson, LLC, Columbia, South Carolina, for Appellee.

Before SHEDD, KEENAN, and DIAZ, Circuit Judges.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leanora Nelson, Selena Nelson Cecchini, and Jean Nelson Lumsby (collectively, "the Nelsons") appeal from the district court's order adopting the recommendations of the magistrate judge and granting summary judgment in their civil action to Defendant Levy Center LLC. The district court determined that dismissal of certain of the Nelsons' claims was warranted under the Rooker-Feldman[1] doctrine and that the entire action was barred under the applicable statute of limitations. We have reviewed the record and find no reversible error in the district court's determination that the Nelsons' action was barred by the applicable statute of limitations. We therefore affirm the district court's judgment on this basis.[2] Nelson v. Levy Ctr. LLC, No. 9:11–cv–01184–SB, 2016 WL 1276414 (D.S.C. Mar. 30, 2016).

1. D.C. Ct. App. v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

2. After the district court issued its judgment, this court issued an opinion clarifying the scope of the Rooker-Feldman doctrine. Thana v. Bd. of License Comm'rs for Charles Cty., Md., 827 F.3d 314 (4th Cir. 2016). Because

we affirm here on an alternate basis, we find it unnecessary to consider whether the district court's Rooker-Feldman analysis comports with Thana. We also reject as without merit the Nelsons' appellate arguments suggestive of potential bias by the district court and suggesting that the court erred by considering matters not cited by Levy Center LLC in its summary judgment motion.